[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#105) DEFENDANT'S MOTION TO STRIKE
On January 2, 2001, the plaintiff, Marie Thomas, filed a three-count revised complaint against the defendant, Edsan Chemical Company, Inc. The complaint arises out of injuries the plaintiff allegedly sustained while using the defendant's product, "Blast Heavy Duty Cleaner." Specifically, in count one, the plaintiff alleges that the defendant violated the Connecticut Product Liability Act (CPLA), General Statutes § 52-572q, by failing to provide adequate warnings or instructions with its product. In count two, the plaintiff alleges that the defendant violated the Federal Hazardous Substances Act (FHSA), specifically,15 U.S.C. § 1263 (a), because it misbranded" its product. In count three, the plaintiff alleges that the defendant's conduct violated Connecticut General Statutes § 42-110 et seq. (CUTPA).
On March 7, 2001, the defendant filed a motion to strike counts two and three of the plaintiff's revised complaint with a supporting memorandum of law. On March 19, 2001, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." CT Page 9843 (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
COUNT TWO — VIOLATION OF CONN. PRODUCT LIABILITY ACT (CPLA)
The defendant argues that count two of the plaintiff's revised complaint, sounding in violation of FHSA, should be stricken because the claim is barred by the exclusive remedy provision of the CPLA.[1] In response, the plaintiff argues that pursuant to the "functional analysis" test, count two contains facts beyond those necessary to support a products liability claim under the CPLA.
The court finds that the defendant's argument, that count two sounding in violation of the FHSA should be stricken because the claim is barred by the exclusive remedy provision of the CPLA, is without merit because it sounds in reverse preemption. In effect, the defendant argues that the operation of the state statute bars the application of the federal statute. Such argument is factually untenable because no state statute can preempt the application of a federal statute. U.S. Const., art. VI
(the Supremacy Clause).
The defendant further argues, by way of analogy to the Occupational Safety and Health Act (OSHA), General Statutes § 31-367 et seq., that Connecticut courts have held that a claimed violation of a federal statute that provides model standards does not create an independent cause of action. In response, the plaintiff argues that the defendant's OSHA analogy is not persuasive since, in the cases cited by the defendant, the courts based their conclusion upon finding that Congress did not intend OSHA to create a private right of action. The plaintiff further argues that count two should not be stricken because two federal courts have recognized that a private right of action exists under the FHSA.[2]
The defendant's argument by analogy of OSHA is not availing because OSHA and FHSA are distinct in nature and not readily comparable.[3] The court must, however, determine, sua sponte, whether FHSA provides a private right of action because the court is without jurisdiction to render judgment on count two if FHSA affords no private right of action. See Fish Unlimited v. Northeast Service Co., 254 Conn. 20, 31, 756 A.2d 262
(2000) (standing implicates subject matter jurisdiction); Bittle v.Commissioner of Social Services, 249 Conn. 503, 504-505, 734 A.2d 551
(1999) (court may consider subject matter jurisdiction sua sponte at any time). Federal courts that have considered the issue have uniformly held that FHSA affords no private cause of action.[4] See, e.g., RiegelTextile Corp. v. Celanese Corp., 649 F.2d 894-97 (2d. Cir. 1981);Christenson v. St. Mary's Hospital, et. al., 835 F. Sup. 498, 501
CT Page 9844 (D.Minn. 1993).
In count two of the revised complaint, the plaintiff alleges, inter alia, that the defendant violated FHSA by introducing a misbranded hazardous substance into interstate commerce. (Revised complaint, count two, ¶¶ 16, 17.) Because there is no private right of action under FHSA, the court is without jurisdiction to adjudicate count two of the plaintiff's revised complaint. The motion to strike count two is therefore granted.
COUNT THREE — VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICESACT (CUTPA).
The defendant argues that the count three of the plaintiff's revised complaint, sounding in violation of CUTPA, is barred by the exclusive remedy provision of the CPLA. Alternatively, the defendant argues that count three of the plaintiff's revised complaint is legally insufficient as pleaded. Specifically, the defendant argues that the plaintiff fails to allege any additional facts to those incorporated by reference from count two and merely states the legal conclusion of a CUTPA violation. Additionally, the defendant argues that the plaintiff fails to allege more than a single transaction for purpose of her CUTPA claim.
In response, the plaintiff argues that pursuant to the "functional analysis" test, count three contains facts beyond those necessary to support a products liability claim under the CPLA. Specifically, the plaintiff argues that count three alleged conduct which offends public policy in that the defendant failed to label its product as required by FHSA. Additionally, the plaintiff argues that the majority of courts have held that a single transaction is sufficient to constitute a CUTPA violation.[5]
"It is well settled that in determining whether a practice violates CUTPA [the court has] adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Hartford Electric Supply Co. v. Allen-Bradley Co., Inc., CT Page 9845250 Conn. 334, 367-68 736 A.2d 824 (1999). However, "`[t]he first prong [of the `cigarette rule'], standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence.'" Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 33,699 A.2d 964 (1997).
This court has adopted the "functional analysis" test when addressing the issue of whether a CUTPA claim may be pleaded in conjunction with a CPLA claim. Kristofak v. General Motors Corp., Superior Court, judicial district of Waterbury, Docket No. 145041 (June 26, 2000, Doherty, J.) (27 Conn. L. Rptr. 378). "Under the functional analysis test, if the cause of action being pressed is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the [C]PLA's scope and must be precluded. A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. Allegations set forth in the product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that [the] CUTPA claim is not functionally identical. . . ." (Citations omitted; internal quotation marks omitted.) Id.
In the present case, the plaintiff has not pleaded any facts to support the second and third prong of the "cigarette rule." Rather, the plaintiff only alleges that the defendant's failure to label its product as required by FHSA offends public policy. This allegation only satisfies the first prong of the "cigarette rule." The first prong of the "cigarette rule," standing alone, is insufficient to support a CUTPA violation. Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 33. Because the plaintiff failed to allege sufficient facts to support her CUTPA claim, the claim is, therefore, legally insufficient. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
For the foregoing reasons, the defendant's motion to strike counts two and three of the plaintiff's revised complaint is hereby granted.
By the Court
Joseph W. Doherty, Judge